UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
HARVEY PUBLIC ADJUSTER, LLC, and
MEIR ZARCHI,

                 Plaintiffs,                        **REPORT AND RECOMMENDATION**
                                                                     20 CV 2913 (NGG) (LB)

-against-

VIET MEDIA AGENCY, MINH TAM TRAM,
and ADAM TRAN,

                 Defendants.
-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

        Plaintiffs Harvey Public Adjuster LLC and Meir Zarchi bring this diversity breach of contract action against defendants Viet Media Agency, Minh Tam Tran (A/K/A "Tammy Tran"), and Adam Tran (hereinafter "defendants") alleging they paid defendants in accordance with a contract for services which defendants never performed. Compl. ¶¶ 10, 13, 15–19. The Clerk of Court entered the default of Tammy Tran and Adam Tran on December 18, 2020 and plaintiffs filed a motion seeking a default judgment on February 5, 2021. ECF Nos. 20–21. Defendants appeared in this action on March 17, 2021 and oppose plaintiffs' motion for a default judgment. ECF Nos. 24–25. I held a conference in this matter on April 15, 2021. For the reasons set forth below, this action must be dismissed as there is not complete diversity of citizenship between the parties and therefore the Court lacks jurisdiction over this matter.

## BACKGROUND

        The parties entered into a contract on September 26, 2017 whereby defendants agreed to provide public relations and advertising services to plaintiffs, who were seeking to attract individuals bringing insurance claims for losses incurred as a result of Hurricane Harvey in Texas, Florida, South Carolina, Georgia, and Louisiana. Compl. ¶ 10. Although plaintiffs paid

defendants $280,000.00 under this contract, Id. at ¶ 13, the contract was never performed because, according to defendants, plaintiff LLC never obtained the necessary license to act as a public adjuster in the above-listed states, which was a condition precedent to plaintiffs' duty to perform. Answer ¶¶ 10–12, ECF No. 28. The parties later executed a second agreement which acknowledged that the contract had not been performed and arranged for the return of the initial payment plus interest to plaintiffs. Compl. ¶¶ 14–17. Defendants paid plaintiffs $44,000.00 pursuant to the second agreement and then stopped making payments. Id. at ¶¶ 18–20. Plaintiffs brought this action seeking to compel defendants to return the balance of the money.

Plaintiff Harvey Public Adjuster, LLC ("HPA") is a Texas company with its principal place of business in New York. Id. ¶ 3. Plaintiff Meir Zarchi is a citizen of New York and the sole member of HPA. Id. ¶ 4. Defendant Viet Media Agency is a Texas company with a principal place of business in Texas, and Tammy Tran and Adam Tran are both citizens of Texas. Id. ¶¶ 5–7.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on July 1, 2020 and served defendants with the summons and complaint on September 17, 2020. ECF Nos. 1, 14–16. On November 22, 2020, defendants had not appeared in the action and plaintiffs requested the Clerk of Court to enter a certificate of default as to the plaintiffs. ECF No. 17. The Clerk of Court entered a certificate of default as to the Tran defendants on December 18, 2020 but denied the request for an entry of default as to defendant Viet Media Agency, stating that service had not been properly effected. ECF No. 20; Docket Entry 12/18/2020. Plaintiffs filed a motion for a default judgment against the Tran defendants on February 5, 2021. ECF No. 22. The motion was referred to me by the Honorable Nicholas G. Garaufis for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

Defendants appeared in this action on March 17, 2021, filing an opposition to the motion for a default judgment and an answer to the complaint. ECF Nos. 24–28. I held an initial conference by telephone on April 15, 2021. The parties confirmed on the record that the plaintiff LLC and defendants are citizens of Texas. Therefore, this Court lacks subject matter jurisdiction. See Transcript of 4/15/21 Conference ("Transcript"), ECF No. 31.

## DISCUSSION

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" Id. (citations omitted). "A federal court's jurisdiction generally may be predicated upon federal question jurisdiction, codified at 28 U.S.C. § 1331, or diversity jurisdiction, codified at 28 U.S.C. § 1332." Winter v. Novartis Pharm. Corp., 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014). The Court must be satisfied that jurisdiction exists before considering the claims presented. See Wynn v. AC Rochester, 273 F.3d 153, 157 (2d Cir. 2001) (per curiam) (citations omitted); Lyndonville Sav. Bank & Tr. Co. v. Lussier, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts . . . may not decide cases over which they lack subject matter jurisdiction."); Mackason v. Diamond Fin. LLC, 347 F. Supp. 2d 53, 54 (S.D.N.Y. 2004) ("A district court is required to raise *sua sponte* the question whether diversity of citizenship is adequately pleaded[.]"). "[T]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Bey v. New York, No. 12 CV 2171 (WFK), 2012 WL 1899379, at *2 (E.D.N.Y. May 4, 2012) (quoting Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)).

Here, plaintiffs invoke this Court's subject matter jurisdiction based on diversity jurisdiction. See Compl. ¶ 8 ("This Court has jurisdiction of this action pursuant to 28 U.S.C.

Section 1332(a)(1) in that Plaintiffs are citizens of the State of New York and Defendants are all citizens of other states."). 28 U.S.C. § 1332 provides for diversity jurisdiction for disputes between, *inter alia,* citizens of different States where the matter in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). "Diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." Van Buskirk v. United Group of Companies, Inc., 935 F.3d 49, 53 (2d Cir. 2019) (quoting Herrick Co., Inc. v. SCS Communications, Inc. 251 F.3d 315, 322 (2d Cir. 2000)).

For purposes of diversity jurisdiction, a corporation is "a citizen of both its state of incorporation and its principal place of business." Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 51 (2d Cir. 2012) (citation omitted). A limited liability company's citizenship is additionally determined by the citizenship of its members, see Bayerische, 692 F.3d at 49 (citing Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000)), and thus the complaint "must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company," Avant Capital Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (quoting New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing Handelsman, 213 F.3d at 51–52)).

In this case, it is clear from the complaint that there is not complete diversity between the parties. The complaint states:

> "3. Plaintiff HARVEY PUBLIC ADJUSTER, LLC ("HPA") is a Texas limited liability company with a principal place of business at 766 Rockaway Parkway, Brooklyn, New York in the County of Kings, State of New York.
> 4. Plaintiff MEIR ZARCHI ("ZARCHI") is in an individual and resident of the County of Kings, State of New York, and is a principal of HPA.

> 5. Defendant VIET MEDIA AGENCY ("VIET MEDIA") is a Texas entity with a principal place of business located at 7362 Regency Square, Houston, Texas 77036.
> 6. Defendant MINH TAM TRAN A/K/A/ TAMMY TRAN is: (i) an individual; (ii) a principal and guarantor of VIET MEDIA; and, (iii) an attorney licensed by the State of Texas with a principal place of business located at 2915 Fannin Street, Houston, TX 77002-9221.
> 7. Defendant ADAMS [sic] TRAN is an individual who, upon information and belief, is doing business as VIET MEDIA AGENCY with a principal place of business located at 7362 Regency Square, Houston, Texas 77036."

Plaintiffs' counsel confirmed on the record that the language "[HPA] is a Texas limited liability company" means that HPA was incorporated in Texas. Transcript, ECF No. 31, 6:6–10. Plaintiffs' counsel also confirmed that plaintiff Zarchi is the sole member of the plaintiff LLC, and he is domiciled in New York. Id. Therefore, for the purpose of diversity jurisdiction, Plaintiff HPA is a citizen of both Texas and New York. See Bayerische, 692 F.3d at 49–51. All of the defendants are likewise citizens of Texas: Viet Media Agency is both incorporated in Texas and has its principal place of business there, and the Tran defendants are both domiciled in Texas. See Compl. ¶¶ 5–7. As the LLC plaintiff and all defendants are citizens of Texas, the parties are not "completely diverse in their citizenships," and the Court lacks jurisdiction over this matter. Van Buskirk, 935 F.3d at 53.

## CONCLUSION

Accordingly, as there is no basis for subject matter jurisdiction, this case must be dismissed.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court.

Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42, 46 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                           /S/
                                       LOIS BLOOM
                                       United States Magistrate Judge

Dated: May 4, 2021
       Brooklyn, New York